WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Landon Klipp, | No. CV-17-00282-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Archilido, et al., | |
| Defendants. | |

In an Order filed on December 18, 2017, this Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and gave Plaintiff 30 days to file a second amended complaint. (Doc. 10.) The Court later twice extended the deadline for filing a second amended complaint. (Doc. 13, 15.) The extended deadline expired on April 2, 2018. (*See* Doc. 15.) Plaintiff did not file a second amended complaint. On April 16, 2018, the Clerk of Court entered a judgment of dismissal and closed this case. (Doc. 16.)

In August 2018, Plaintiff filed two letters. (Docs. 17, 18.) The Court noted that any request for a court order must be made by motion and that it is improper to mail letters in lieu of motions. (Doc. 19.) The Court further found that, even if it were to construe Plaintiff's letters as motions to reopen under Federal Rule of Civil Procedure 60, Plaintiff had not identified any valid basis for reopening this case and had not explained why he had failed to timely file a second amended complaint. (*Id.*)

On February 17, 2022, Plaintiff mailed another letter, which was docketed in this

case as a Motion to Reopen. (Doc. 20.)[1] In the letter, Plaintiff alleges that he is still receiving inadequate medical care, he asks to re-file or add to his complaint, and he states that this case was dismissed due to retaliation by his unit team. (*Id.*)

The Court may, on "motion and just terms," relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). To obtain relief more than one year after the entry of judgment under the catch-all provision of Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

As the Court has previously explained, any request for a court order must be made by motion. *See* Fed. R. Civ. P. 7(b)(1). Even if the Court were to construe Plaintiff's letter as a motion seeking relief under Federal Rule of Civil Procedure 60, the letter is untimely and fails to establish any valid basis for such relief. Plaintiff filed the letter nearly four years after the entry of judgment in the above-captioned case. He states that this case was dismissed due to retaliation by his unit team, but he does not describe the alleged retaliation or explain how it prevented him from filing a second amended complaint in this case.

Accordingly,

---

[1] The letter was also filed as a civil rights complaint in *Klipp v. United States Penitentiary, Lewisburg*, 4:22-cv-00026-RM and, so construed, was dismissed with leave to amend for failure to file on the court-approved form. Plaintiff has until March 20, 2022 to file an amended complaint in case number 4:22-cv-00026-RM.

**IT IS ORDERED** that Plaintiff's letter (Doc. 20), construed as a Motion to Reopen under Federal Rule of Civil Procedure 60, is **denied**.

Dated this 4th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge